```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

JPMORGAN CHASE BANK, N.A.,

    Plaintiff,

v.                            Case No:  2:18-cv-55-FtM-29MRM

M. WULFF FLORIDA HOLDINGS,
INC. and MITCHELL A. WULFF,

    Defendants.

_____

## **ORDER**

This matter comes before the Court on plaintiff's Motion for Default Judgment (Doc. #18) filed on May 8, 2018. No response has been filed and the time to respond has expired. The Court finds that an evidentiary hearing is not required and will render a decision based on the documents submitted. For the reasons set forth below, plaintiff's motion is granted.

Plaintiff JPMorgan Chase Bank, N.A. (Plaintiff) filed a Complaint (Doc. #1) against M. Wulff Florida Holdings, Inc. (Wulff Holdings) and Mitchell A. Wulff (M. Wulff) (collectively, Defendants) for breach of contract and breach of guaranty. Because Defendants failed to respond to Plaintiff's Complaint, a Clerk's Entry of Default was entered against Defendants on April 4, 2018 (Doc. #15.) Plaintiff now moves for the entry of judgment against Defendants.

"A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.[ ] A default judgment is unassailable on the merits, but only so far as it is supported by well-pleaded allegations. [ ] A default defendant may, on appeal, challenge the sufficiency of the complaint, even if he may not challenge the sufficiency of the proof." Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc., 561 F.3d 1298, 1307 (11th Cir. 2009) (internal citations omitted).

Deeming all allegations in the Complaint as admitted, on September 30, 2015, Wulff Holdings executed a promissory note to secure a loan from Plaintiff in the amount of $379, 800.00 (the $379K Loan). (Doc. #1, ¶ 8.) On September 30, 2015, M. Wulff executed an Unconditional Guaranty and a Conditional Guaranty, which guaranteed to Plaintiff "the prompt payment of all amounts due under the $379K Note." (Id., ¶10.) On September 30, 2015, Wulff Holdings also executed a promissory note to secure a loan from Plaintiff in the amount of $25, 000.00 (the $25K Loan). (Id., ¶ 12.) On September 30, 2015, M. Wulff executed an Unconditional Guaranty and a Conditional Guaranty, which guaranteed to Plaintiff "the prompt payment of all amounts due under the $25K Note." (Id., ¶ 14.) On July 1, 2017, Wulff Holdings defaulted on both the 379K loan and the 25K loan. (Id., ¶¶ 16, 22.)

Plaintiff seeks money damages against Defendants in the amount owed on the $379K Loan and the $25K loan. "A contract of guaranty is the promise to answer for the payment of some debt or the performance of some obligation by another on the default of that third person who is liable in the first instance." Brunswick Corp. v. Creel, 471 So. 2d 617, 618 (Fla. 5th DCA 1985). "A cause of action for breach of a guaranty agreement arises upon default and a subsequent refusal to pay by the guarantor." Id. at 619. The elements of a breach of contract cause of action are: (1) a valid contract, (2) a material breach, and (3) damages. Havens v. Coast Florida, P.A., 117 So. 3d 1179, 1181 (Fla. 2d DCA 2013). Upon review of the Complaint, the Court finds the allegations are sufficiently pled to support a default judgment against Defendants for breach of contract and breach of guaranty.

Plaintiff's affidavit reflects that Defendants owe on the $379K Loan: $260, 666.46 in principal, $10, 540.93 in past-due interest, with interest accruing until the date of judgment at $32.14 per diem, and $1, 844.80 in late fees. (Doc. #18-1, p. 2.) Plaintiff's affidavit further reflects that Defendants owe on the $25K Loan: $15, 617.92 in principal, $1, 489.38 in past-due interest, with interest accruing at $5.22 per diem, and $450.00 in late fees, for a grand total of $290, 609.49. (Id., pp. 3, 59.)

Defendants have failed or refused to pay the amounts due and owing, and are indebted to Plaintiff in the amount of $290, 609.49

as of April 25, 2018. The Court will grant the Motion for Default Judgment against Defendants in the amount owed to Plaintiff as of April 25, 2018, plus any interest accrued thereafter, until payment by Defendants.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Motion for Default Judgment (Doc. #18) is **GRANTED**. The Clerk is directed to enter judgment in favor of plaintiff and against defendants, providing that plaintiff shall recover from defendants, jointly and severally, as follows:

   A. On the $379K Loan:

   1. The principal amount of $260, 666.46;
   2. Interest through April 25, 2018, in the amount of $10, 540.93;
   3. Accruing interest at the rate of $32.14 per diem thereafter, through the date of judgment until paid;
   4. Late fees in the amount of $1, 489.38.

   B. On the $25K Loan:

   1. The principal amount of $15, 617.92;
   2. Interest through April 25, 2018, in the amount of $1, 489.38;

3. Accruing interest at the rate of $5.22 per diem thereafter, through the date of judgment until paid;
   4. Late fees in the amount of $450.00.
2. Any motion for attorney's fees and/or costs shall be filed within **FOURTEEN (14) DAYS** of the entry of judgment.
3. The Clerk is further directed to terminate all pending matters and close the file.

**DONE and ORDERED** at Fort Myers, Florida, this 23rd day of July, 2018.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record